United States District Court
For the Northern District of California

*E-Filed 2/27/14*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

MANSE SULLIVAN,
for Mrs. Walter Mae Smith,

Plaintiff,

v.

PHILIP MORRIS USA, INC, and
ALTIRA GROUP, INC.,

Defendants.
_________________________________/

No. C 13-5173 RS (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by plaintiff, a person civilly committed as a sexually violent predator under California law. The Court DISMISSES the complaint with leave to file an amended complaint on or before April 1, 2014. Plaintiff's application to proceed *in forma pauperis* (Docket No. 2) is GRANTED.

## DISCUSSION

### A. Standard of Review

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B. Legal Claims**

Plaintiff brings this wrongful death action under § 1983 against Philip Morris USA, Inc. and Altira Group, Inc., alleging that these corporations caused the death of his mother, Mrs. Walter Mae Smith. The complaint will be dismissed for the following reasons. First, the defendants are private, not public, actors. Private actors are not liable under § 1983. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980).[1] Second, this Court is likely not the correct forum for plaintiff's claims, all of which are in truth state tort claims.[2] In his amended complaint, plaintiff must allege facts that show that this Court has jurisdiction over such claims. Unlike state courts, "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The two main classes of cases over which the federal courts have jurisdiction are those that present a federal question, *see* 28 U.S.C. § 1331, and those in which the parties have diverse citizenship and involve an amount in controversy exceeding $75,000, *see* 28 U.S.C. § 1332. Neither basis for jurisdiction is shown in the

---

[1] Because defendants are not state actors, his claims under the Eighth Amendment and the Equal Protection Clause are DISMISSED without leave to amend.

[2] Plaintiff alleges that defendants are liable for age discrimination under Title VII of the Civil Rights Act. This claim is DISMISSED without leave to amend. The statute to which he refers (29 U.S.C. § 621 et seq.) applies only to instances of employment discrimination.

**United States District Court**
For the Northern District of California

complaint. Plaintiff may wish to dismiss his federal complaint and file an action in state court, where jurisdiction is not in question.

Accordingly, the complaint is DISMISSED with leave to amend. Plaintiff shall file an amended complaint on or before April 1, 2014. The first amended complaint must include the caption and civil case number used in this order (13-5173 RS (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

DATED: February 27, 2014

RICHARD SEEBORG
United States District Judge